956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Florante DE LEON; Ruth De Leon; Pablo B. Cardenas,
Plaintiffs-Appellants,
v.
William BARR,* Attorney General of the
United States; Roy L. Hendricks, Acting District
Director of the INS, Hawaii, Defendants-Appellees.
 No. 91-15196.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1992.
March 12, 1992.
 
 Before WISDOM,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Florante M. De Leon ("Florante"), his wife, Ruth P. De Leon ("Ruth"), and Pablo B. Cardenas ("Pablo") (collectively, the "appellants") came to the United States from the Philippines on short-term visas. They applied to the Immigration and Naturalization Service ("INS") for asylum and employment authorization. Their employment authorizations were granted, and extended several times; eventually, however, the INS denied their applications for asylum, terminated their employment authorizations, and commenced deportation proceedings against them.
 
 
 3
 The appellants appealed to an Immigration Judge the denial of their petitions for asylum, and sued in district court for an extension of their employment authorizations. Due to a change in its policy, the INS granted their employment authorizations pending a final decision on the petitions for asylum; however, the INS refused to pay the appellants' attorney's fees. The appellants moved in the district court for attorney's fees under the Equal Access to Justice Act (the "Act"), 28 U.S.C. § 2412 (1988), and 5 U.S.C. § 504 (1988), but the district court denied their motion. They appeal. We have jurisdiction, and we affirm.
 
 
 4
 * We review for abuse of discretion a district court's decision to award or deny attorney's fees under the Act. See Love v. Reilly, 924 F.2d 1492, 1493 (9th Cir.1991). We review de novo the district court's interpretation of the Act. Id. We review for clear error the district court's factual finding that a party is not a "prevailing party" under the Act. Or. Envtl. Council v. Kunzman, 817 F.2d 484, 496 (9th Cir.1987).
 
 II
 
 5
 The appellants claim the district court erroneously denied them fees under 5 U.S.C. § 504(a)(1). Section 504(a)(1) reads in pertinent part:
 
 
 6
 An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.
 
 5 U.S.C. § 504(a)(1) (emphasis added).[1]
 
 7
 5 U.S.C. § 504(b)(1)(C) (1988) defines "adversary adjudication."
 
 
 8
 '[A]dversary adjudication' means (i) an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise
 
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 12
 5 U.S.C. § 504(b)(1)(C). 5 U.S.C. § 554 (1988) provides in pertinent part: "This section applies ... in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing...."
 
 
 13
 The district court found: "Plaintiffs' claim for attorneys' fees under 5 U.S.C. § 504 fails because the process of requesting and obtaining employment authorization from the INS is not an 'adversary adjudication' within the definition of § 504(b)(1)(C) or the Ninth Circuit case law interpreting that definition."
 
 
 14
 The district court was correct: the regulations which governed the appellants' employment authorizations do not require a hearing, and do not involve counsel for the United States. See 8 C.F.R. §§ 208.4, 274a.12(c)(8) (1989), amended 1990. Thus, the decision-making process governing their employment authorizations was not an "adversary adjudication," and does not fall within § 504.
 
 
 15
 Indeed, the appellants correctly concede the decision-making on their employment authorizations was not an "adversary adjudication" under § 504. In their reply brief, they state:
 
 
 16
 In the case at bar, while the initial application for work authorization was not adversarial for purposes of [the Act], it became so when INS took a position that Appellants were no longer entitled to work authorizations as it terminated their previously issued work permits and subsequently refused to grant the same even after their asylum petitions were renewed before the Immigration Judge in deportation proceedings.
 
 
 17
 The core of the appellants' argument is that the decision-making became an "adversary adjudication" when it became "inextricably part of the deportation proceedings." In view of the Supreme Court's recent decision in Ardestani v. I.N.S., 112 S.Ct. 515 (1991), holding deportation proceedings are not "adversarial adjudications" under the Act, the appellants' claim lacks merit.
 
 III
 
 18
 The appellants also claim the district court erred in denying them fees under 28 U.S.C. § 2412(d)(1)(A). In order to obtain fees under § 2412(d)(1)(A), a party must establish that his lawsuit was a "catalyst that prompted the opposing party to take action." Kunzman, 817 F.2d at 497 (citations omitted). Here, the action taken was the extension of the employment authorizations. However, the district court found: "the filing of the present action ... was not casually connected to the INS' decision to grant plaintiffs' requests for work authorization." We review for clear error this factual finding. Kunzman, 817 F.2d at 496. There was no clear error.
 
 
 19
 AFFIRMED.
 
 
 
 *
 William Barr is substituted for Richard Thornburgh, former Attorney General, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 5 U.S.C. § 504(c)(2) (1988) allows a federal court to review an administrative determination of fees in an "adversary adjudication" under § 504(a)(1)